**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JESSICA L. TRUJILLO,<br><br>    **Plaintiff,**<br><br>  **vs.**<br><br>CAROLYN W. COLVIN,<br>**Acting Commissioner of Social Security,**<br><br><br>    **Defendant.** | **Court No. 1:14-cv-00035-DN-DBP**<br><br><br>R&#1013;PORT & R&#1013;COMMENDATION<br><br>**District Court Judge David  Nuffer**<br><br><br>**Magistrate Judge Dustin B. Pead** |

   This matter was referred to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C.

§ 636(b)(1)(B).  Currently pending before this Court is Plaintiff's appeal of the Acting

Commissioner's (Commissioner's) decision denying her claims for Disability Insurance Benefits

(DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security

Act (the Act), 42 U.S.C. §§ 401-33, 1381-1383f.  Having considered the parties' briefs, the

administrative record, the arguments of counsel, and the relevant law, the Court recommends

that the administrative law judge's (ALJ's) decision be AFFIRMED.

## PROCEDURAL HISTORY

   In August 2009, Plaintiff protectively filed DIB and SSI applications, alleging disability

beginning November 11, 2008 (Tr. 109-20).  After an administrative hearing (Tr. 24-48), ALJ

Raul Pardo issued an April 2011 decision denying her claims (Tr. 10-23).  The Appeals Council

then declined her request for review (Tr. 1-5), making ALJ Pardo's decision final for purposes of judicial review. 20 C.F.R. §§ 404.981, 416.1481, 422.210(a).[1]  Plaintiff filed suit in federal district court.  In February 2013, the Court issued a decision reversing ALJ Pardo's decision and remanding the case for further proceedings (Tr. 535-44).  On remand, ALJ Robert Labrum updated the record and obtained medical expert testimony (Tr. 481-514).  In January 2014, ALJ Labrum issued a decision finding Plaintiff did not meet the statutory requirements for disability, which became the Commissioner's final decision for purposes of judicial review (Tr. 462-74). 20 C.F.R. §§ 404.984, 416.1484.  This appeal followed.

## STATEMENT OF RELEVANT LAW

### I.      Definition of disability under the Act

The Act states that an individual "shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).  The disabling impairment must last, or be expected to last, for at least 12 consecutive months.  *See Barnhart v. Walton*, 535 U.S. 212, 214-15 (2002).

---

[1]  Unless otherwise noted, all citations to the Code of Federal Regulation (C.F.R.) are to the 2014 edition.  Subsequent citations are to Part 404, which addresses DIB, and have parallel citations in Part 416, which addresses SSI.

II.     **Process for determining disability under the Act**

To determine whether a claimant is disabled, Social Security regulations set forth a five-step sequential evaluation process.  That process requires the adjudicator to consider whether a disability claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition that met or medically equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. § 404.1520(a)(4).  If a decision regarding the claimant's disability can be reached at any step in the sequential evaluation process, further evaluation is unnecessary.  *See* 20 C.F.R. § 404.1520(a)(4).

III.    **Standard of review**

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (internal quotation and citation omitted).  The Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *Id.*  Where the evidence as a whole can support either the agency's decision or an award of benefits, the court must affirm the agency's decision.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## DISCUSSION

In this appeal, Plaintiff contends that when assessing her residual functional capacity (RFC), the ALJ erred in evaluating opinions from treating physician Dr. Gardner and testifying

medical expert Dr. Goldstein.  In particular, Plaintiff asserts that the ALJ should have

re-contacted Dr. Gardner before discounting his opinion, and that the ALJ inappropriately relied

on Dr. Goldstein's testimony to discount Dr. Gardner's opinion.  While the Court sympathizes

with Plaintiff's arguments, they are ultimately unpersuasive under the substantial evidence

standard.

RFC is an administrative finding about a claimant's ability to perform work-related

activities.  *See* 20 C.F.R. § 404.1545(a)(1); Social Security Ruling (SSR) 96-5p, 1996 WL

374183, at *5.  It represents the most a claimant can do despite her limitations.  *See* 20 C.F.R.

§ 404.1545(a)(1).  An ALJ must "assess a claimant's [RFC] based on all of the relevant medical

and other evidence."  20 C.F.R. § 404.1545(a)(3).  Thus, "the ALJ, not a physician, is charged

with determining a claimant's RFC from the medical record."  *Howard v. Barnhart*, 379 F.3d

945, 949 (10th Cir. 2004) (citing SSR 96-5p, 1996 WL 374183, at *5).

Generally, ALJs give opinions from treating sources more weight, since treating sources

are likely to be the medical professionals most able to provide a detailed, longitudinal picture of

the claimant's medical impairments.  *See* 20 C.F.R. § 404.1527(c)(2).  But a treating physician's

opinion is only eligible for controlling weight if it is well-supported and not inconsistent with

other substantial evidence in the record.  *See* 20 C.F.R. § 404.1527(c)(2); *Watkins v. Barnhart*,

350 F.3d 1297, 1300 (10th Cir. 2003).  "It is an error to give an opinion controlling weight

simply because it is the opinion of a treating source if it is not well-supported by medically

acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other

4

substantial evidence in the case record." *Watkins*, 350 F.3d at 1300 (quotation and citation omitted).

When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must consider factors listed in 20 C.F.R. § 404.1527(c) in determining the weight to give the opinion—factors including the support for the opinion and the consistency of the opinion with the record as a whole. *See* 20 C.F.R. §§ 404.1527(c)(3)-(4); *see also Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (noting the ALJ is not required to discuss every factor considered).

Here, ALJ Labrum considered Dr. Gardner's opinion that Plaintiff's extreme functional limitations would preclude all work (Tr. 472-73; *see* Tr. 436-38, 930).  The ALJ found Dr. Gardner's opinion was not supported by his treatment notes, which repeatedly showed that Plaintiff walked with a normal gait and had normal neurological and musculoskeletal examinations (Tr. 473; *see* Tr. 353-56, 361-62, 384-85, 391-92, 434-35, 439-42, 705-06, 743, 811, 816, 821, 825, 829, 831, 834, 838-40, 843-44, 852-53, 858, 861, 863, 866-67, 870, 872, 875-76, 879-80).  Further, the ALJ determined that Dr. Gardner's opinion was inconsistent with other medical reports in the record, which contained unremarkable examination results (Tr. 469, 473; *see* Tr. 718-19 (Dr. Foley's exam), 891 (Dr. Al-Sadat's exam)).

ALJ Labrum also found that Dr. Gardner was a family practitioner (Tr. 472), not a specialist.  As a result, the ALJ consulted medical expert Dr. Goldstein (a neurologist), who testified that Dr. Gardner's opinion about extreme functional limitations was inconsistent with the unremarkable examination findings in his treatment notes (Tr. 473; *see* Tr. 494).  Based on these discrepancies, Dr. Goldstein inferred that Dr. Gardner relied on Plaintiff's subjective

complaints,[2] not objective medical findings, in forming his opinion (Tr. 471, 473; *see* Tr. 494, 501, 502-03).

In light of this record, ALJ Labrum found that Dr. Gardner's opinion was entitled to no weight (Tr. 472-73). *See* 20 C.F.R. §§ 404.1527(c)(2) (a treating physician opinion is only eligible for controlling weight if it is well-supported and not inconsistent with other substantial evidence), 404.1527(c)(3) (ALJ must consider support for opinion), 404.1527(c)(4) (ALJ must consider the consistency of an opinion with the record as a whole), 404.1527(c)(5) (opinions from specialists are generally given more weight); *Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (ALJ reasonably discounted a treating physician opinion that appeared to be based on the claimant's subjective complaints, not objective examination findings, and that was inconsistent with other medical evidence).

Plaintiff argues that the ALJ should have re-contacted Dr. Gardner before discounting his opinion. However, the Tenth Circuit has held that, "it is not the rejection of the treating physician's opinion that triggers the duty to re-contact the physician; rather, it is the inadequacy of the evidence the ALJ receives from [the claimant's] treating physician that triggers the duty." *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002). And, Social Security regulations provide that, if an ALJ determines that the evidence is insufficient to make a determination about disability, the ALJ "may" choose any one of four possible actions, including re-contacting the treating source, requesting additional medical records, asking the claimant to undergo a

---

[2] Plaintiff has not challenged the ALJ's adverse credibility finding. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (waiver).

consultative examination, or seeking information from the claimant or another source.
*See* 20 C.F.R. § 404.1520b(c).  This regulation was intended to give "adjudicators more
flexibility in determining" how best to obtain additional information when needed.[3]  *See* 77 Fed.
Reg. 10,651, 10,654  (Feb. 23, 2012) (final rules).

Here, Dr. Gardner submitted a statement during the remand proceedings indicating that
he relied on Plaintiff's subjective reports, not objective medical findings, in forming his opinion
(Tr. 930).  Dr. Gardner stated that "the testing does not specifically point to multiple sclerosis"
and that MRIs used to diagnose MS were negative (normal) (Tr. 930; *see* Tr. 718-19).  Dr.
Gardner's September 2013 statement, which was submitted shortly before the January 2014
remand hearing, indicates that he based his opinion on Plaintiff's subjective statements, not
objective medical evidence (Tr. 481, 930).  And, ALJ Labrum consulted another
source—medical expert and specialist Dr. Goldstein—about Dr. Gardner's opinion.
Dr. Goldstein  identified contradictions between the medical record and the opinion of Dr.
Gardner.

Thus, the Court concludes and recommends to the District Court a finding that the record
before ALJ Labrum was sufficient to make a determination about disability, and that ALJ
Labrum was not required to re-contact Dr. Gardner.  *See* 20 C.F.R. §§ 404.1520b(b) (recognizing

---

[3]

 In 2012, Social Security Administration updated its regulations about re-contacting medical
sources.  The primary change was to eliminate the prior sections 404.1512(e) and 416.912(e) and
add new sections 404.1520b and 416.920b.  The old rule stated that "we will" re-contact a
treating source under certain circumstances.  20 C.F.R. § 404.1512(e) (2011).  The new rule
states that, when more evidence is needed, "we will determine the best way to resolve the
inconsistency or insufficiency."  20 C.F.R. § 404.1520b(c) (2012).

that, even if there is inconsistent evidence, an ALJ may be able to make a determination about

disability), 404.1527(c)(2) (a treating physician opinion is only eligible for controlling weight if

it is well-supported and not inconsistent with other substantial evidence), 404.1527(c)(3) (ALJ

must consider support for opinion), 404.1527(c)(4) (ALJ must consider consistency of the

opinion with the record as a whole); *see also Richardson v. Perales*, 402 U.S. 389, 399 (1971)

("We . . . are presented with the not uncommon situation of conflicting medical evidence.  The

trier of fact has the duty to resolve that conflict."); *Keyes-Zachary*, 695 F.3d at 1172 ("The ALJ,

however, was free to resolve evidentiary conflicts because there is substantial evidence to

support his conclusion.").

　　　　Plaintiff also argues that Dr. Goldstein's testimony about Dr. Gardner's opinion was

based on "speculation."  However, Dr. Goldstein identified objective medical evidence

contradicting Dr. Gardner's opinion (Tr. 498, 499, 502-03).  Dr. Goldstein distinguished between

Plaintiff's reported symptoms and objective medical findings showing an "unremarkable workup

and neurological examination" (Tr. 499 (citing Tr. 726)).  Based thereon, the Court recommends

a finding that the ALJ reasonably relied on Dr. Goldstein's testimony in evaluating Dr.

Gardner's opinion.  *See* 20 C.F.R. § 404.1527(e)(2)(iii) (ALJs may ask for and consider opinions

from medical experts); *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2008) (a non-

examining physician is an acceptable medical source, whose opinion the ALJ is entitled to

consider); *cf. McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) (ALJ erred in

rejecting a treating physician's opinion based not contradictory medical evidence but on

unsupported speculation that the physician had not authored the opinion).

8

Regardless of whether the Court would make the same finding in the first instance, the Court must recommend affirmance where, as here, the ALJ's findings are supported by substantial evidence in the record.  *See Ellison*, 929 F.2d at 536 (the court evaluates the record to ascertain whether there is evidence to support the ALJ's decision, regardless of whether the court would have reached a different result).  Having determined that the Commissioner's final decision is supported by substantial evidence in the record and free from reversible legal error the Court recommends that the Commissioner's decision be AFFIRMED.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED to the District Court that:

1.  The ALJ's initial determination and the Commissioner's final determination that

    Plaintiff should be denied DIB and SSI should be AFFIRMED.

Copies of the foregoing report and recommendation are being mailed to all parties who

are hereby notified of their right to object.  Any objection must be filed within 14 days after

being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object may constitute a

waiver of objections upon subsequent review.

Dated: February 26, 2015.

_____
                                        UDGE