IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JESSICA L. TRUJILLO,<br><br>                Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION and ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 1:14-cv-35-DN-DBP<br>District Judge David Nuffer |

Plaintiff Jessica Trujillo objects[1] to the Report and Recommendation (R & R) issued on February 26, 2015. The R & R recommends that "[t]he ALJ's [Administrative Law Judge's] initial determination and the Commissioner's final determination that Plaintiff should be denied DIB [Disability Insurance Benefits] and SSI [Supplemental Security Income] should be AFFIRMED."[2] For the reasons discussed below, the objection is OVERRULED, the R & R is ADOPTED, and the Commissioner's decision denying benefits is AFFIRMED.

## BACKGROUND

In February 2013, Magistrate Judge Brooke C. Wells remanded this case for further proceedings after finding that ALJ Raul Pardo "improperly speculated as to the reasons behind the Plaintiff's treating physician's opinions."[3] On remand, a different ALJ, Robert Labrum, updated the record and obtained medical expert testimony.[4] The updated record contained a

---

[1] Plaintiff' [sic] Objections to the Magistrate's Report and Recommendation (Objection), docket no. 24, filed March 12, 2015.

[2] Report and Recommendation (R & R) at 10, docket no. 23, filed February 26, 2015.

[3] Memorandum Decision and Order Reversing and Remanding Decision of Commissioner at 10, Case No. 2:12-cv-89-BCW (filed February 26, 2013); Administrative Record (R.) at 544, docket no. 12, filed May 22, 2014.

[4] R. at 481-514.

September 2013 letter from Ms. Trujillo's treating physician, Dr. Gardner, stating that numerous tests and MRIs to diagnose multiple sclerosis (MS) "were either inconclusive or negative," but that treatment for MS had helped.[5] Dr. Gardner concluded, based on Ms. Trujillo's history and current symptoms, it was "nearly impossible for her to work."[6] But ALJ Labrum did not recontact Dr. Gardner, who is a family practitioner. Instead, the ALJ consulted a medical expert, neurologist Dr. Steven Goldstein.[7] At the January 2014 hearing, Dr. Goldstein disagreed with Dr. Gardner's opinion that Ms. Trujillo was unable to work and testified that based upon the record, Ms. Trujillo would be able to handle light work.[8]

In January 2014, ALJ Labrum issued a decision finding Ms. Trujillo did not meet the statutory requirements for disability, which became the Commissioner's final decision for purposes of judicial review.[9] Ms. Trujillo's appeal of the Commissioner's final decision denying benefits was referred to Magistrate Judge Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B).[10] After "[h]aving considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law,"[11] Judge Pead issued an R & R recommending that the Commissioner's decision denying DIB and SSI be affirmed because the decision is supported by substantial evidence in the record and free from reversible legal error.[12]

---

[5] R. 930.

[6] *Id*.

[7] *Id*. at 638 (Curriculum Vitae for Steven Goldstein, M.D.).

[8] *Id*. at 494.

[9] R. 462-74; 20 C.F.R. §§ 404.984, 416.1484.

[10] *See* Order of Recusal ("Magistrate Judge Brooke C. Wells recused. Case referral reassigned to Magistrate Judge Dustin B. Pead under 28:636(b)(1)(B)"), docket no. 20, filed January 9, 2015.

[11] R & R at 1.

[12] *Id.* at 9.

Ms. Trujillo raises only one objection to the R & R. She claims that the ALJ erred by not recontacting her treating physician and the magistrate judge "never addresses the issue."[13] The Commissioner filed a response to the objection urging the court to adopt the R & R and affirm the ALJ's final decision because "the record before the ALJ was sufficient to make a determination regarding disability."[14]

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), when a party files an objection to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[15] Under de novo review, this court will review the Commissioner's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied.[16] But the court will not reweigh the evidence or substitute its judgment for the Commissioner's.[17] This is the same standard set forth in the R & R.[18]

## DISCUSSION

Ms. Trujillo argues that the ALJ erred when he did not recontact her treating physician, Dr. Gardner, for a clarification of his opinion. Ms. Trujillo asserts that under a Notice of Proposed Rulemaking (NPRM) in April 2011, the ALJ is expected to recontact the treating

---

[13] Objection at 3.

[14] Defendant's Response to Plaintiff's Objections to the Magistrate's Report and Recommendation (Response) at 2, docket no. 25, filed March 13, 2015.

[15] 28 U.S.C. § 636(b)(1)(C).

[16] *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[17] *Id.*

[18] R & R at 6-7.

physician when the opinion is inconsistent with the treatment notes, as found in this case.[19] The portion of the NPRM which Ms. Trujillo relies upon states that when the medical source has provided inconsistent or insufficient evidence, adjudicators would continue to recontact the medical source when that is "the most effective and efficient way to resolve an inconsistency or insufficiency."[20] The NPRM cited by Ms. Trujillo goes on to state that

> in some cases, there are other, more effective, ways to obtain the additional information we need. It is sometimes inefficient and ineffective to require our adjudicators to first contact your medical source(s). For example, when your medical source(s) does not specialize in the area of the impairment you have alleged and we need more evidence about its current severity, we may supplement the evidence in your case record by obtaining a CE with a specialist (such as a pulmonologist) who can perform the type of examination we need in order to determine whether you are disabled under our rules.[21]

This NPRM makes clear that the ALJ's decision to recontact the treating physician is not mandatory, but discretionary: "There are situations where we need the flexibility to determine how best to resolve inconsistencies and insufficiencies in the evidence. This proposed change would give our adjudicators the discretion to determine the best way to address these issues and obtain the needed information more quickly and efficiently."[22] Further, in February 2012, the Social Security Administration (SSA) updated the regulations about recontacting treating physicians in the final rules, emphasizing that the change is designed to provide the ALJs with more flexibility and discretion.[23] The explanation in the final rule states:

> We believe our adjudicators need more flexibility to conduct case development in the most efficient way possible . . . . As we explained in the NPRM, "[d]epending on the nature of the inconsistency or insufficiency, there may be other, more

---

[19] Objection at 2-3 (citing Notice of Proposed Rulemaking, 76 Fed. Reg. 20,282-01, 20,283 (April 12, 2011) (amending 10 C.F.R. § 404.1512(e)) (original cited in err as 70 Fed. Reg. 20,282-01, 20,283).

[20] 76 Fed. Reg. 20,283 (April 12, 2011).

[21] *Id*.

[22] *Id*.

[23] 77 Fed. Reg. 10,651-01, 10,653 (Feb. 23, 2012) (final rules).

appropriate sources from whom we could obtain the information we need." Therefore, adjudicators need more, not less, discretion than our current recontact requirement provides to obtain the needed information from the most appropriate source.

. . . .

Moreover, we believe there should be a variety of methods available to our adjudicators, and that they should have the flexibility to determine which method of development would be the most appropriate given the facts in each case. We do not believe there is any one method that is always the most suitable or efficient, and therefore, do not believe we should require any of the suggestions made by the commenters in all cases.[24]

Because ALJs have discretion as to whether to recontact a medical source, ALJ Labrum did not err when he failed to recontact Dr. Gardner. Further, "the ALJ reasonably relied on Dr. Goldstein's testimony in evaluating Dr. Gardner's opinion."[25] The updated record before ALJ Labrum was sufficient to make a determination regarding disability without recontacting the treating physician. Accordingly, the R & R correctly concludes that "the Commissioner's final decision is supported by substantial evidence in the record and free from reversible legal error."[26]

---

[24] *Id*. at 10,654.

[25] R & R at 8 (citations omitted).

[26] *Id*. at 9.

## ORDER

IT IS HEREBY ORDERED that Ms. Trujillo's objection[27] is OVERRULED.

IT IS FURTHER ORDERED that the R & R is ADOPTED, and the Commissioner's decision denying benefits is AFFIRMED. The clerk is directed to close this case.

Dated August 21, 2015

BY THE COURT:

David Nuffer
United States District Judge

---

[27] Docket no. 24.